IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01915-MSK-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

PROFESSIONAL TRANSIT MANAGEMENT LTD, LLC
d/b/a SPRINGS TRANSIT,

        Defendant.

---

### *AMENDED* ORDER OF REFERENCE TO MAGISTRATE JUDGE
### AND
### LETTER TO COUNSEL

---

This matter comes before the Court, *sua sponte*.

**IT IS ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and FED. R. CIV. P. 72(a) and (b), this matter is referred to United States Magistrate Judge Michael J. Watanabe to conduct proceedings in this action as follows:

(X)    Convene a scheduling conference under FED. R. CIV. P. 16(b); enter a Scheduling Order meeting the requirements of D.C.COLO.LCivR 16.2; and hear and determine any motions seeking amendment or modification of the Scheduling Order.

(X)    Convene such settlement conferences as may facilitate resolution of this case.

(X)    Hear and determine motions relating to discovery.

(X)    Hear and determine such other non-dispositive motions as may be specifically referred.

(X)    Conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on specifically referred dispositive motions.

**IT IS FURTHER ORDERED** that parties and counsel shall be familiar and comply with Judge Krieger's requirements found at www.co.uscourts.gov. **Counsel should also be familiar with the contents of the attached letter**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order upon Defendant **within ten days** after service of process.

Dated this 2nd day of October, 2006

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge



**THE HONORABLE MARCIA S. KRIEGER**
**United States District Court**
**District of Colorado**
1929 Stout Street
Denver, Colorado 80294-3589
303-335-2289
krieger_chambers@cod.uscourts.gov

Dear Counsel:

Welcome to the United States District Court for the District of Colorado.  I look forward to working with you to achieve a "just, speedy and inexpensive determination" (Fed.R.Civ.P. 1) in this action.

I agree with Judge Patrick Higginbotham of the 5th Circuit Court of Appeals who observed that, in litigation, the lawyers and the judge act as the three legs of a stool, each being essential to the process but playing a distinct and separate role.  Inherent in this observation is the fundamental fact that we, lawyers and judges, are the judicial process.  The confidence your clients and the public have in the judicial process will be determined by what we do in this case.

I know that judges and courts have differing practices, customs and expectations.  I hope that the following information will provide you with insight into my practices and expectations, and will make you comfortable and better able to represent your client.  My practice standards, sample forms and weekly calendar can be found on the Court's website at www.co.co.uscourts.gov.  In addition, you can obtain FAQ information, Federal Faculty Evidentiary Cheat Sheets and courtroom technology training from my Courtroom Deputy Maureen Nelson (303.335.2185).  Information about CM/ECF can be obtained from the ECF Help Desk (303.335.2050) and from the Court's website.

I take the admonition of Fed.R.Civ.P. 1 very seriously - for justice delayed, or too expensive to afford, is justice denied.  This admonition is my focus in the 250 plus civil cases pending before me.  Each is entitled to its fair share of judicial resources and to a fair and prompt determination.

I determine all motions as expeditiously as possible.  Except as necessary for the progress of a particular case, motions that conform to the format in the practice standards are determined in the order they are received.  Motions that do not conform are determined after conforming motions.  Motions to extend deadlines or continue will not be granted absent good cause in light of the course of the case.

You can expect that hearings will begin promptly, move quickly and will advance the case. Unless I advise you otherwise, you can expect me to be familiar with and to have considered all of the pertinent pleadings that have been filed up to 48 hours prior to the hearing and be prepared to apply the legal standard set by binding precedent. The purpose of a hearing is to address areas where I have questions or concerns, to hear supplemental arguments (those that don't repeat written arguments), issue an oral ruling, or to set further deadlines or hearings. The Federal Rules of Evidence apply in evidentiary hearings. There is no need to bring copies of reported decisions to court. If you refer to an opinion not previously cited, and I need to review the entirety of the opinion, I will either take the matter under advisement or take a brief recess to consider it. Most motions are disposed of with oral orders that are reflected in the minutes that are e-mailed to you. Except in unusual circumstances, no written orders will follow the hearing. You may order a transcript of the proceeding if you like.

I expect that you will be prepared for every hearing. This means that: 1) you are familiar with all applicable rules, my practice standards and orders with regard to the matter; 2) you are generally familiar with all pleadings that have been filed in the case to date, and are particularly familiar with all pleadings that have been filed with regard to the issue to be heard; 3) you know the applicable legal standard (elements of proof, standard and burden of proof, procedural requirements and evidentiary rules) on all claims and defenses asserted in the Complaint(s) and Answer(s), as well as the applicable legal standards for the issue to be heard; and 4) you have conferred with opposing counsel *after briefing of the matter at issue has been completed* to confirm what issues remain in dispute and what issues do not. This preparation is well within the capabilities of all practitioners, both experienced and novice.

A civil trial is a search for the truth with regard to disputed facts, and for application of the law to all of the facts. It is not a morality play nor intended for emotional catharsis. The Final Pretrial Order will require you to specify the elements of all claims and defenses, what facts pertain to each element and whether they are in dispute. At the Final Pretrial Conference, please be prepared to narrow the issues and the evidence required. At trial, you will be required to stipulate to undisputed facts (please see Fed.R.Civ.P. 11 (b)(3)) and limited to presentation of admissible, non-redundant evidence pertaining to disputed facts. Trials will not exceed the time specified in the original setting order. Most often we use a chess clock, dividing trial time equally between/among the parties. You can expect that hearings in other cases may be set at 8:00 a.m. and 4:30 p.m. on trial days. The calendar on the website will advise you of what is scheduled.

Feedback is important. My practice standards and procedures borrow from what I believe to be the best practices of judges and practitioners to satisfy the objectives of Rule 1. Sometimes, however, these practice standards or procedures are not well-suited to realizing the objectives of Rule 1 in a particular case. Please feel free to request a deviation, if necessary.

In addition, because we are the legal system, your contributions and constructive critique are valued. Perhaps you know of other or better practices that can be used to help meet Rule 1 objectives. Indeed, the practice standards were revised in 2005 based upon comments produced in an anonymous survey of more than 650 attorneys, and I have implemented many of the suggestions made at the Bench/Bar Roundtable sessions hosted by the Faculty of Federal Advocates each year.

I will be revising my civil practice standards again in 2007 and welcome your input.

I look forward to working with you in resolution of this controversy.

Very truly yours,

Marcia S. Krieger