**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01915-MSK-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

ANDY MARTINEZ,

Plaintiff-Intervener,

v.

PROFESSIONAL TRANSIT MANAGEMENT, LTD, LLC d/b/a SPRINGS TRANSIT

Defendant.

---

**CONSENT DECREE**

---

- 1 -

## RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission

("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging

that Defendant, Professional Transit Management, Ltd. d/b/a Springs Transit (Professional

Transit Management), unlawfully discriminated against Andy Martinez and a class of

employees and former employees on the basis of a hostile work environment based on color and

race (African American) and national origin (Hispanic, Asian) in violation of Title VII of the

Civil Rights Act of 1964 (Title VII). Furthermore, the Commission alleges Defendant was aware

of the hostile work environment and failed to take effective measures to stop it.  Martinez has

intervened in this case and has made substantially the same allegations as the EEOC.

Collectively, the EEOC, Defendant, and Martinez will be called "the Parties."  Defendant has

denied any liability for the claims as alleged.

2.      The Parties, desire to settle this action by an appropriate Consent Decree ("Decree"), and

agreements between Defendant and its present and former employees.  The Parties agree to the

jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the

power of this Court to enter a Consent Decree enforceable against Defendant.

3.      This Decree is final and binding upon the Parties as to the issues resolved, as well as

upon their successors and assigns.

4.      The Parties agree that this Consent Decree fairly resolves the issues alleged in this

lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful

employment practices under Title VII arising from this litigation and the charges as follows:

Ronnie Huery, Charge # 541-2006-01134;  Harry Wallace, Charge #541-2006-01125; Eli

Jackson, Charge#541-2006-00921; Andy Martinez Charges 541-2006-02256 and

320-2005-00735.  For the purpose of amicably resolving disputed claims, the Defendant joins

with the Commission and Plaintiff Intervener in requesting this Court to adjudge as follows:

5.      This Consent Decree resolves all claims alleged in this lawsuit, including

backpay, front pay, compensatory and punitive·damages, interest, injunctive relief,

attorneys' fees and costs and any other claims that may be raised out of the issues in

this lawsuit.

### JURISDICTION

6.      The Court has jurisdiction over the Parties and the subject matter of this lawsuit.

The Court shall retain jurisdiction of this action for the duration of the Consent Decree

for the purposes of entering all orders, judgments, and decrees which may be necessary

to implement the relief provided herein.

### GENERAL PROVISIONS

7.      **Scope.**  This Consent Decree covers all Professional Transit Management's

employees.

8.      **Term of Consent Decree.**  This Consent Decree shall remain in effect for three

(3) years after the Effective Date.  In the event the terms and obligations outlined in

this Consent Decree are not completed within the term, the EEOC and Defendant

Professional Transit Management shall meet and confer concerning all matters that are

alleged to constitute noncompliance.  The Commission reserves the right to file an

enforcement action under Section VIII ("Enforcement of Consent Decree") of this

Consent Decree to extend the Consent Decree for whatever period is necessary to allow

Professional Transit Management to comply fully with the terms of this Consent

Decree.

2

**9.     Compliance with Federal EEO Law.**  Nothing in this Consent Decree shall be construed to limit or reduce Professional Transit Management's obligation to comply with the statutes enforced by the Commission.

**10.    Effect of Consent Decree.**  This Consent Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns. Professional Transit Management's compliance with this Consent Decree will fully and completely resolve all issues of law and fact which could be raised by the Commission, Martinez or any "Class Member," including Tom Hitt, Gary LeDoux, Elie Jackson, Ronnie Huery and Harry Wallace, arising out of the below-referenced charges and this litigation against Defendant Professional Transit Management.

**11.    Complete Consent Decree.**  This Consent Decree constitutes the complete understanding among the Parties with respect to the matters herein. The Parties agree that this Consent Decree resolves all issues raised in EEOC Charge Numbers 320-2005-00735, 541-2006-00921, 541-2006-01125, 541-2006-01134, 541-2006-02256, and 541-2006-01869, and the issues alleged by EEOC and Martinez in this lawsuit, and constitutes a complete resolution of all the claims of EEOC, Martinez, Hitt, LeDoux, Jackson, Wallace and Huery, against Defendant Professional Transit Management of unlawful employment practices under Title VII.

**12.    Severability.**  If one or more provisions of this Consent Decree are rendered unlawful or unenforceable by act of Congress or by decision of the United States Supreme Court, the EEOC and Defendant Professional Transit Management shall attempt to agree upon what amendments to this Consent Decree, if any, are appropriate

3

to effectuate the purposes of this Consent Decree.  In any event, the unaffected provisions will remain enforceable.

## AFFIRMATIVE RELIEF

**13.     Notice and Posting of Consent Decree Notice.**

**a. Posting.**  Within thirty (30) days of the Effective Date of this Consent Decree, Professional Transit Management shall conspicuously post the Notice to Employees attached hereto as Exhibit A, on the Human Resources bulletin board.

**14.     No Discrimination.**  Professional Transit Management shall not discriminate against any employee or applicant in hiring, promotions, pay, assignment of duties, performance evaluation, discipline, terms, or knowingly subject an employee to a hostile work environment, because of national origin, race and/or color.  Professional Transit Management shall consider all African American, Hispanic, and Asian applicants on the same basis as all other applicants.  Professional Transit Management shall afford all African American, Hispanic, and Asian employees the same training and conditions of employment it affords all other employees in similar positions including fair and nondiscriminatory testing for promotions.

**15.     No Retaliation.**  Professional Transit Management shall not retaliate against any current or former employee or Class Member for his or her participation in the EEOC process, for participation in the investigation by the EEOC into this matter, for participation in this lawsuit, or for asserting any rights under this Consent Decree.

4

16.   **EEO Manager.**

a. Professional Transit Management will designate an EEO Manager to oversee Professional Transit Management's compliance with and implementation of this Consent Decree.

b. The EEO Manager will be responsible for:

- coordinating Professional Transit Management's compliance with anti-discrimination laws;

- monitoring Professional Transit Management's compliance with this Consent Decree;

- maintaining records to be preserved under Paragraph 23 ("Reporting and Recordkeeping") of this Consent Decree;

- submitting the reports required under Paragraph 24 ("Reporting and Recordkeeping"); and

- assisting in development and implementation of Professional Transit Management's EEO Training Program, as required under the following Section ("EEO Training") of this Consent Decree.

17.   **EEO Training.**

a. **Development of EEO Training Program.**  Within 20 (twenty) days of the Effective Date of this Consent Decree, Professional Transit Management shall submit to the EEOC an EEO training program for non-supervisory employees, supervisory employees, and human resource employees.  Each training program will include the following information: (i) a detailed agenda; (ii) curriculum vitae(s) for the individual(s) who will conduct the training; (iii) a plan to ensure that all employees

5

receive the required training.  Any dispute between Professional Transit Management and EEOC as to the adequacy of the Training Program shall be resolved under the informal resolution procedures set forth below.

    **b. Amount of Training Required.**

- **Non-Supervisory Employees**.  Professional Transit Management will provide its non-supervisory employees at least two (2) hours of EEO training during the first year of this Consent Decree and an additional one (1) hour of training will be provided in each of the following two years.  This training may be by videotape or computer presentation and may be made by qualified Professional Transit Management human resource employees.

- **Supervisory Employees.**  Professional Transit Management will provide its supervisory employees at least four (4) hours of EEO training during the first year of this Consent Decree and an additional four (4) hours of training will be provided in each of the following two years.

- Human Resource Employees.  Professional Transit Management will provide its human resource managers and directors at least eight (8) hours of EEO training within the first year of this Consent Decree and an additional eight (8) hours of training will be provided in the following year.

6

- **Required Subjects of Training.** At a minimum, the EEO training programs shall include the following:

    - instruction on the requirements of all applicable equal employment opportunity laws including, but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the Americans with Disabilities Act;

    - a review of Defendant Professional Transit Management Corporation's non-discrimination employment policies;

    - the prohibition on retaliating against any employee who complains about discrimination against himself or others, or participates in an investigation of a discrimination complaint;

    - training for supervisors, managers and human resource employees shall include instruction on how to recognize complaints of discrimination and how to recognize inappropriate behavior in the workplace. It will emphasize the company's obligation to take prompt action in response to discrimination complaints, and emphasize the Human Resource Employee's role in conducting investigations and responding to and implementing discipline.

**18. Additional Training.**

During the first year of this Consent Decree, Professional Transit Management will request its successor, Laidlaw, to provide at least one (1) hour of training for employees who grade tests for mechanic positions to enable them to conduct and score tests for advancement to mechanic positions in an objective, fair, and nondiscriminatory manner.

**19. Modification and Implementation of EEO Policies and Procedures.**

**a. Review of Policies.** During the first year of this Consent Decree, Professional Transit Management will issue or reissue policies implementing a Zero Tolerance Statement, Policy Statement on a Harassment-Free Workplace and Reaffirmation of Equal Employment Opportunities Policy. After making these revisions or additional policies, Defendant Professional Transit Management will send a copy to the EEOC.

**b. EEOC Input Not a Waiver.** Under no circumstances shall the EEOC, by commenting or electing not to comment upon Professional Transit Management's proposed changes or amendments, be deemed to have waived its right to investigate or litigate any alleged adverse effects of said policy upon equal employment opportunities.

## MONETARY RELIEF

**20. Class Monetary Relief.**

**a. Class Settlement Amount** In full settlement of all monetary claims of the Charging Parties and/or Class Members as set out in Exhibit B, attached, including Martinez, Defendant Professional Transit Management shall pay the sum of $450,000.00 ("Class Settlement Funds"), to be distributed as listed on Exhibit C. All of the damages going to the Class Members shall be for compensatory damages.

**b. Distribution.** Twenty (20) days after the Consent Decree is entered and ordered, Defendant Professional Transit Management shall disburse the Class Settlement Funds to the Claimants and/or Class Members in accordance with Exhibit C. Professional Transit Management will send these checks to Claimants and/or Class Members via certified mail or overnight mail, with a copy of the check mailed to EEOC counsel. Defendant will not condition the receipt of individual relief on the class members' agreement to (a) maintain as confidential the terms of this decree, (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive his or her right to apply for a position with the Defendant.

**c. Taxes.** Defendant shall prepare and distribute tax-reporting forms to Martinez and each Class Member/Claimant who receives payment under this Consent Decree. Distribution to the Class Members/Claimants will be made on an IRS form 1099. Defendant Professional Transit Management shall make appropriate reports to the Internal Revenue Service and other tax authorities.

<b>REPORTING AND RECORD KEEPING</b>

**21. Document Preservation.**

**a. Records.** For the duration of the Consent Decree, Professional Transit Management agrees to maintain such records as are necessary to demonstrate its compliance with this Consent Decree and verify that the reports submitted are accurate, including but not limited to the documents specifically identified below.

**b. Retention.** During the term of the Consent Decree, Professional Transit Management shall retain the following hard-copy and computer records:

9

- all complaints (if any) of its employees of discrimination or harassment based upon national origin, race or color, and all non-privileged records of the investigation of those complaints, including any action taken as a result of an investigation;

- all complaints (if any) of its employees of retaliation based on national origin, race or color, and all non-privileged records of the investigation of those complaints, including any action taken as a result of an investigation.

**22. Reports.**

**a. Initial Report.** Within thirty (30) days of the Effective Date of this Consent Decree, Professional Transit Management shall provide the EEOC with verification of what actions have been taken or will be taken that all supervisors and human resource employees with authority over people employed by Professional Transit Management, have attended training on the terms and provisions of this Consent Decree.

**b. Periodic Reports.**

- During the term of this Consent Decree, the EEO Manager shall submit semi-annual reports to the EEOC. With each report, the EEO Manager shall submit documentation related to this Consent Decree.

- The first reporting period will begin on the Effective Date of this Consent Decree, and will end on December 31, 2007. Each subsequent reporting period will be six (6) calendar months, for example, June 30, 2008 and December 31, 2008.

- Each report shall contain the following information for the relevant reporting period:

  - copies of all complaints, formal or informal, of national origin, race or color discrimination, harassment or retaliation made by Defendant's employees, and copies of the non-privileged investigative files relating to each complaint;

  - copies of all action or discipline taken as a result of the complaints above; and

  - verification of employee attendance for all EEO training conducted during the reporting period.

## ENFORCEMENT OF CONSENT DECREE

23.     **Enforcement by EEOC.** It is expressly agreed that if EEOC concludes that Professional Transit Management has breached this Consent Decree, EEOC may initiate an action in this Court, after complying with the informal resolution procedures set forth in Paragraph 24, below.

24.     **Requirement of Informal Resolution Efforts.** Prior to initiating an action to enforce the Consent Decree, the EEOC will provide written notice to Defendant Professional Transit Management and the EEO Manager, of the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a reasonable request for documents or information relevant to the dispute. The parties shall have ten days to informally resolve the dispute before any formal action is taken.

11

## MISCELLANEOUS PROVISIONS

**25.    Implementation.** The Commission and Defendant Professional Transit

Management agree to take all steps that may be necessary to fully effectuate the terms

of this Consent Decree.

**26.    Notice.** Any notice, report, or communication required under the provisions of

this Consent Decree shall be sent by overnight mail, postage prepaid, and by e-mail, to

the appropriate representatives of the Commission and Professional Transit

Management as follows:

> Regional Attorney
> Phoenix District Office
> 3300 N. Central Ave.
> Phoenix, Arizona 85012
>
> Nancy A. Weeks, Esq.
> Denver Field Office
> Equal Employment Opportunity Commission
> 303 E. 17th Avenue, Suite 510
> Denver, Colorado 80203
> e-mail:  nancy.weeks@eeoc.gov

and to Defendant Professional Transit Management Corporation as follows:

Professional Transit Management, Ltd.
Attn:  Tom Hock, Esq.
6405 Branch Hill-Guinea Pike, #203
Loveland, OH  45140

12

**SIGNATURES**

APPROVED AS TO FORM:

SHERMAN & HOWARD L.L.C.

_____
MARY JO O'NEILL
Regional Attorney

Glenn H. Schlabs
Attorney for Professional Transit
Management

_____
NANCY A. WEEKS
Supervisory Trial Attorney
(303) 866-1947

Matthew Martin
Attorney for Intervenor Martinez and
Class Members Wallace, Huery and
Jackson

_____
ANN FULLER
Trial Attorney
(303) 866-1319

Equal Employment Opportunity
Commission
303 E. 17th Avenue, Suite 510
Denver, Colorado 80203

13

## SIGNATURES

APPROVED AS TO FORM:

SHERMAN & HOWARD L.L.C.


_____
MARY JO O'NEILL
Regional Attorney

_____
Glenn H. Schlabs
Attorney for Professional Transit
Management


_____
NANCY A. WEEKS
Supervisory Trial Attorney
(303) 866-1947

_____
Matthew Martin
Attorney for Intervener Martinez and
Class Members Wallace, Huery and
Jackson

_____
ANN FULLER
Trial Attorney
(303) 866-1319

Equal Employment Opportunity
Commission
303 E. 17th Avenue, Suite 510
Denver, Colorado 80203


13